Per Curiam.

It is contended by defendant that the recent decision of this court in Hunt v. Hunt, 169 Ohio St., 276, 159 N. E. (2d), 430, requires the reversal of the judgment below. With this contention we cannot agree.
Paragraph one of the syllabus in the Hunt case reads as follows:
“Where, in a divorce action, permanent alimony is ordered paid by the husband to the wife in a fixed amount per month, payable monthly ‘hereafter,’ based upon an agreement between the parties ivhich does not constitute a property settlement and is not related to support of children, and where the alimony order contains no provision for termination of such payments or reservation of jurisdiction by the court, the subsequent marriage of such wife to another man capable of supporting her constitutes an election on her part to be supported by her new husband and an abandonment of the provision for permanent alimony from her divorced husband.” (Emphasis added.)
The emphasized portions of the above paragraph of the • syllabus when compared with the provisions of paragraph two of the separation agreement herein clearly point up the dis *135 tinction between the two cases. In the Hunt case, the payments were indefinite, and the syllabus clearly limits the decision to those cases of indefinite awards of alimony which have no fixed terminal dates.
In distinguishing the two cases we do not mean to intimate any departure from the statement of public policy expressed in paragraph two of the syllabus in the Hunt case. And were we of the opinion that paragraph two of the agreement herein provides for the indefinite payment of alimony without any provisions for termination, a reservation of jurisdiction would be implied in the court to exercise its equitable power to modify after the plaintiff’s remarriage.
In bur opinion, however, the conclusion is inescapable that the monetary provisions in paragraph two of the agreement are a part of an overall property settlement between the parties, and the provision for payment thereof over a period of years exceeding ten was an obvious attempt to avail of such benefits as may have been obtainable under the then existing regulations of the Department of Internal Revenue.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.
Taet, J., dissents on the authority of Hunt v. Hunt, 169 Ohio St., 276, 159 N. E. (2d), 430.